JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

William Duclos

**DEFENDANTS**

Luis Spencer

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF ______
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT ______
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Pro se

ATTORNEYS (IF KNOWN)

Unknown

05-10715 MEL

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☑ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☑ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- ☑ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury — Med. Malpractice
- ☐ 365 Personal Injury — Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence

HABEAS CORPUS:
- ☑ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS — Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

28 USC § 2254

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23 **DEMAND $** CHECK YES only if demanded in complaint: **JURY DEMAND:** ☐ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE ______ DOCKET NUMBER ______

DATE SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) William Duclos v. Luis Spencer

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

___ I. 160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

___ II. 195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.

*Also complete AO 120 or AO 121 for patent, trademark or copyright cases

___ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.

✓ IV. 220, 422, 423, 430, 460, 510, (530), 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.

___ V. 150, 152, 153.

10715MEL

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?

YES (NO)

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC §2403)

YES (NO)

IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?

YES (NO)

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?

YES (NO)

7. DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).

(YES) NO

A. IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?

EASTERN DIVISION (CENTRAL DIVISION) WESTERN DIVISION

B. IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?

EASTERN DIVISION CENTRAL DIVISION WESTERN DIVISION

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME William Duclos, Pro se

ADDRESS P.O. Box 43, Norfolk MA 02056

TELEPHONE NO.

(Cover sheet local.wpd - 11/27/00)

PETITION UNDER 28 USC § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District Massachusetts | |
|---|---|---|
| Name William Duclos | Prisoner No. W-48807 | Case No. 02-P-1255 |
| Place of Confinement Massachusetts Correctional Institution Norfolk 2 Clark Street, P.O. Box 43, Norfolk MA 02056 | | |

Name of Petitioner (include name under which convicted) William Duclos V. Name of Respondent (authorized person having custody of petitioner) Luis Spencer

RECEIVED APR - 5 2005

The Attorney General of the State of: Massachusetts

05-10715 MEL

Referred to MJ L.T. Sorokin

PETITION

1. Name and location of court which entered the judgment of conviction under attack Worcester County Superior Court

2. Date of judgment of conviction July 26, 1990

3. Length of sentence Second Degree life sentence

4. Nature of offense involved (all counts) Two counts of murder in violation of M.G.L. c. 265, § 1

5. What was your plea? (Check one)
   (a) Not guilty ☐
   (b) Guilty ☒
   (c) Nolo contendere ☐

   If you entered a guilty plea to one count or indictment, and not a guilty plea to another count or indictment, give details:

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury ☐
   (b) Judge only ☐

7. Did you testify at the trial?
   Yes ☐ No ☐

8. Did you appeal from the judgment of conviction?
   Yes ☐ No ☒

9. If you did appeal, answer the following:

(a) Name of court ______

(b) Result ______

(c) Date of result and citation, if known ______

(d) Grounds raised ______

(e) If you sought further review of the decision on appeal by a higher state court, please answer the following:

(1) Name of court ______

(2) Result ______

(3) Date of result and citation, if known ______

(4) Grounds raised ______

(f) If you filed a petition for certiorari in the United States Supreme Court, please answer the following with respect to each direct appeal:

(1) Name of court ______

(2) Result ______

(3) Date of result and citation, if known ______

(4) Grounds raised ______

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?

Yes ☒ No ☐

11. If your answer to 10 was "yes," give the following information:

(a) (1) Name of court Worcester County Superior Court

(2) Nature of proceeding Motion to Withdraw Guilty Plea pursuant to rule 30 of the Massachusetts Rules of Criminal Procedure

(3) Grounds raised 1) Confession should have been suppressed due to illegal search of person; 2) Inclupatory statements obtained in

    violation of Miranda rights; 3) Whether confession should have been suppressed as product of custodial interrogation without Miranda warning; 4) Whether appellant should be permitted to withdraw guilty plea based on attorney advice being erroneous

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☒ No ☐

(5) Result Motion denied

(6) Date of result April 9, 2002

(b) As to any second petition, application or motion give the same information:

(1) Name of court Massachusetts Court of Appeals

(2) Nature of proceeding Appeal of denial of motion for post conviction relief

(3) Grounds raised see ¶ 11.

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☒ No ☐

(5) Result Order denying motion to withdraw guilty plea and for new trial affirmed

(6) Date of result June 30, 2004

(c) Did you appeal to the highest state court having jurisdiction the result of action taken on any petition, application or motion?

(1) First petition, etc. Yes ☒ No ☐
(2) Second petition, etc. Yes ☐ No ☐

(d) If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

12. State *concisely* every ground on which you claim that you are being held unlawfully. Summarize *briefly* the *facts* supporting each ground. If necessary, you may attach pages stating additional grounds and *facts* supporting the same.

Caution: In order to proceed in the federal court, you must ordinarily first exhaust your available state court remedies as to each ground on which you request action by the federal court. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed if you have exhausted you state court remedies with respect to them. However, *you should raise in this petition all available grounds* (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.

(b) Conviction obtained by use of coerced confession.

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.

(e) Conviction obtained by a violation of the privilege against self–incrimination.

(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(g) Conviction obtained by a violation of the protection against double jeopardy.

(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.

(i) Denial of effective assistance of counsel.

(h) Denial of right of appeal.

A. Ground one: Petitioner's confession should have been suppressed because it was the fruit of an illegal search of his person

Supporting FACTS (state *briefly* without citing cases or law)

See attachment page 1

B. Ground two: The petitioner's confession should have been suppressed because it was tainted by inculpatory statements obtained in violation of Miranda v. Arizona

Supporting FACTS (state *briefly* without citing cases or law)

See attachment page 1

I. THE PETITIONER'S CONFESSION SHOULD HAVE BEEN SUPPRESSED BECAUSE IT WAS THE FRUIT OF AN ILLEGAL SEARCH OF HIS PERSON - SPECIFICALLY HIS SHOD FEET

The petitioner confessed only after the police ordered him to remove his sneakers, thereby revealing splattered blood on his socks. The removal of petitioner's sneakers constituted a warrantless search. Because the police had no justification for this search, it was illegal and violated the petitioner's constitutional rights, pursuant to the Fourth Amendment and Article 12 and 14 of the Massachusetts Declaration of Rights, to be free from unreasonable searches. Because the petitioner would not have confessed but for this illegal search, the confession should have been suppressed.

II. THE PETITIONER'S CONFESSION SHOULD HAVE BEEN SUPPRESSED BECAUSE IT WAS TAINTED BY INCULPATORY STATEMENTS OBTAINED IN VIOLATION OF <u>MIRANDA V. ARIZONA</u>

The petitioner's confession should also have been suppressed because it followed immediately after the police had extracted incriminating statements from him by means of custodial interrogation without the benefit of <u>Miranda</u> warnings. Specifically, after the police ordered petitioner to remove his sneakers and discovered blood splattering on his socks, they demanded that he explain how blood had gotten splattered on his socks. PCM Tr. 100-01. They noted that petitioner began shivering and got visibly

nervous. R.A. 101. Eventually, petitioner stated that he must have gotten blood on his socks when he walked upstairs and found his parents. The police interpreted this as an inculpatory response. Sergeant Mullen indicated he did not believe petitioner's explanation. PCM Tr. 101. Officer Young concluded at this point that "it was apparent that Billy Duclos was involved in this murder." PCM 148. Petitioner then asked to speak to Sergeant Mullen alone and eventually confessed. It is undisputed that the police did not read the Miranda warnings to petitioner until after he asked to speak to Sergeant Mullen alone.

Because the police did not Mirandize petitioner before asking him how splattered blood had gotten on his socks, his initial answer was the product of custodial interrogation obtained in violation of Miranda and therefore would have been inadmissible. Furthermore, because this statement was simply incredible - as the police made clear to petitioner and admitted during the evidentiary hearing on the Post Conviction Motion - it was inculpatory and effectively "let the cat out of the bag." In other words, this un-Mirandized statement led to petitioner's subsequent confession. As a result, all of petitioner's statements following immediately after that inculpatory statement must also be suppressed.

III. PETITIONER'S CONFESSION SHOULD HAVE BEEN SUPPRESSED BECAUSE IT WAS THE PRODUCT OF A CUSTODIAL INTERROGATION WITHOUT THE PROTECTION OF MIRANDA WARNINGS

Petitioner asserts that Sergeant Mullen did not read the Miranda warnings to him until after he had confessed his involvement in the killings. Although Sergeant Mullen testified that he read the Miranda warnings to petitoner immediately before he confessed. PCM Tr. 81, and the motion judge found that he did so, R.A. 77, petitioner maintains that the evidence is to the contrary and as a result, the motion judge's finding was clearly erroneous.

Statements made in response to custodial police interrogation are presumed to be "compelled" within the meaning of the privilege against self-incrimination established by the Fifth Amendment and Article 12 of the Massachusetts Declaration of rights unless the defendant receives prophylactic warnings such compelled statements are inadmissible.

Because petitioner confessed in the context of a custodial interrogation, the police were obliged to give him the Miranda warning prior to his confession. In fact, Sergeant Mullen did not read the Miranda warning to him until after he had confessed. There are several undisputed facts which support this claim and contradict Sergeant Mullen's claim that he read the Miranda warnings to petitioner before he confessed.

First, Sergeant Mullen's claim that he wrote the date and time on the Miranda card when he first read the warnings

to petitioner but that he did not have petitioner sign the card at that time, PCM Tr. 86, is simply incredible. One would have to accept that Sergeant Mullen took the card from his wallet, placed it on the table, pulled out a pen, and then wrote the date and time on the card, immediately to the left of the blank space designated for petitioner's signature, but did not then hand the pen to petitioner and have him sign the card.

Second, the time noted on the *Miranda* card - 3:45 a.m. - severely undermines Sergeant Mullen's chronology. Sergeant Mullen admitted that the interview began at 2:15 a.m. and the first statement ended approximately forty-five minutes later. PCM Tr. 77-78. During the next few minutes the police examined petitioner's shoes and socks. Petitioner then confessed to sergeant Mullen alone over the next fifteen to twenty minutes. PCM Tr. 83. Sergeant Mullen then spent a few minutes notifying his partner about the confession. PCM Tr. 84. Sergeant Mullen then returned to the interrogation room and had petitioner and Officer Young sign the card. This chronology would place the time of signing at approximately 3:45 a.m. As noted above, however, Sergeant Mullen claimed that he wrote the time on the card before petitioner had confessed. PCM Tr. 86. If this were the case, the time would have been much closer to 3:00 a.m.. According to this version, all that occurred between the completion of the first statement at 3:00 a.m. and the notation of the

time on the card was the examination of the sneakers and socks. It is simply not possible that petitioner's oral confession began at 3:45 a.m. Clearly, then, the evidence supports petitioner's chronology and contradicts Sergeant Mullen's chronology.

Third, the manner in which the police obtained John Smith's Miranda waiver supports petitioner's chronology. After the police had obtained petitioner's confession, which implicated Mr. Smith, they interrogated Mr. Smith. despite the fact that they had probable cause to arrest Mr. Smith they asked him a single question, they did not begin the interrogation by reading the Miranda warning to him. This fact alone is significant. Clearly, these police officers were not concerned about following the requirements of Miranda even when they indisputably had probable cause to suspect the person they were questioning Furthermore, when Sergeant Mullen finally did read the Miranda warnings to Mr. Smith, he read them from a card identical to the one he read to petitioner. Immediately thereafter he had Mr. Smith sign the card, he had Officer Young sign the card as a witness, and he wrote the time and date on the card. This routine provides strong corroboration for petitioner's claim that he followed the same procedure with him. In other words, he read the warnings to petitioner from the card and then had petitioner and Officer Young sign the card. Finally, he noted the time and date on the card. the Smith chronology provides especially convincing

support for petitioner's chronology when one considers it in conjunction with the absurdity of sergeant Mullen's claim that he wrote the time on petitioner's Miranda waiver card but then withheld his pen from petitioner before taking his confession.

because petitioner's confessedn in the context of a custodial interrogation and the police did not read the Miranda warnings to him until after he had confessed, his confession was compelled within the meaning of the privilege against self-incrimination established by the Fifth Amendment and Article 12 of the Massachusetts declaration of rights. Further, it would have been inadmissible at a trial and should have been suppressed. Had defense counsel filed a motion to suppress the confession, it would have been allowed and petitioner would not have pled guilty. For this additional reason, petitioner should be permitted to withdraw his guilty plea

IV. PETITIONER SHOULD BE PERMITTED TO WITHDRAW HIS GUILTY PLEA BECAUSE HIS DECISION TO PLEAD GUILTY WAS BASED ON HIS ATTORNEY'S ADVICE THAT THERE WERE NO GROUNDS TO CHALLENGE THE ADMISSIBILITY OF HIS CONFESSION

There existed several strong grounds, based on indisputable facts or very strong circumstantial evidence, to challenge the admissibility of petitioner's confession. yet his attorney did not even file a motion suppress. Indeed, the motion judge found that trial counsel informed petitioner that "a motion to suppress was not a viable option." R.A. 83 As a result, petitoner decided to

plead guilty to murder and expose himself to a mandatory sentence of life in prison.