UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                              )
WILLIAM DUCLOS,               )
    Petitioner,              )
                              )
v.                            )   Civil Action No. 05-10715-MEL
                              )
LUIS SPENCER,                 )
    Respondent.              )
_____)

**<u>MEMORANDUM OF LAW IN SUPPORT OF RESPONDENT'S MOTION TO DISMISS</u>**

Petitioner William Duclos, who pleaded guilty to two counts of second degree murder in 1990, seeks to challenge his conviction via a writ of habeas corpus. The petition is untimely and must be dismissed. Under the First Circuit's interpretation of 28 U.S.C. § 2244(d)(1), which provides a one-year statute of limitations for habeas corpus petitions, the time to file this petition expired no later than April 24, 1997, more than seven years before it was, in fact, filed.

**I. Prior Proceedings**

The facts underlying the convictions at issue here, and the relevant procedural history, are set forth in the opinion of the Appeals Court of Massachusetts, *Commonwealth v. Duclos*, 810 N.E.2d 1289, 61 Mass. App. Ct. 1115 (2004) (reproduced in the accompanying Supplemental Appendix at [hereinafter "Supp. App."] at Tab C). In summary, petitioner pleaded guilty on July, 26, 1990, to the second degree murder of his parents. Supp. App at E:7-32. Eleven years later, on April 6, 2001, petitioner moved in the trial court to withdraw his guilty plea and for a new trial, alleging that the guilty plea was the product of inadequate advice of defense counsel. Supp. App. at E:39-65. After an evidentiary hearing, the trial court denied the motion on April 9, 2002. Supp. App. at E:66-85. Petitioner appealed, Supp. App. at E:86, and the Appeals Court affirmed the

denial, on June 30, 2004. Supp. App. at C:1-5. Petitioner then sought further appellate review in the Supreme Judicial Court, which was denied on September 10, 2004. Supp. App. at A:1.

## II. The Time to File this Petition Expired April 24, 1997

Petitions for habeas corpus by persons in custody pursuant to a judgment of a State court must be filed no later than one year after the date the judgment became final. 28 U.S.C. § 2244(d)(1)(A). Here, that date was no later than ninety days after July 26, 1990, the day petitioner pleaded guilty . The First Circuit has interpreted this statute as implicitly providing a one-year "grace period" after its effective date to file claims on convictions that became final before the statute of limitations went into effect. *Gaskins v. Duval*, 183 F.3d 8 (1st Cir. 1999). The statute became effective on April 24, 1996, and the grace period expired one year later, *Rogers v. United States*, 180 F.3d 349, 355 (1st Cir. 1999), nearly eight years before this petition was filed on April 5, 2005.

Even assuming that the motion to withdraw the guilty plea and for a new trial was "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim," that would toll the running of the limitations period, 28 U.S.C. § 2244(d)(2), the motion was filed more than three years after the period had expired.

## III. Conclusion

The one-year statute of limitations for filing this petition began to run on April 24, 1996. This petition was filed almost nine years later, and must therefore be dismissed, pursuant to 28 U.S.C. § 2244(d)(1). Permitting a prisoner to pursue a petition for habeas corpus attacking a conviction he had done nothing to challenge for more than a decade would seriously undermine the important interests that, the United States Supreme court has emphasized, this statute protects: "The 1-year limitations period of § 2244(d)(1) quite plainly serves the well-recognized interest in the

finality of state court judgments. This provision reduces the potential for delay on the road to finality by restricting the time that a prospective federal habeas petitioner has in which to seek federal habeas review." *Duncan v. Walker*, 533 U.S. 167, 179 (2001).

    For these reasons, respondent respectfully requests that his Motion to Dismiss be granted, and that the petition be dismissed with prejudice..

                          Respectfully submitted,

                          THOMAS F. REILLY
                          ATTORNEY GENERAL

                          /s/ David M. Lieber
                          David M. Lieber (BBO# 653841)
                          Assistant Attorney General
                          Criminal Bureau
                          One Ashburton Place
                          Boston, Massachusetts  02108
                          (617) 727-2200 ext.2827

                          ATTORNEYS FOR RESPONDENT

Dated: June 3, 2005