UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 1:05-CV-10715-MEL

| | | |
|---|---|---|
| WILLIAM DUCLOS, | ) | |
|     PETITIONER, | ) | |
| | ) | PETITIONER'S |
| | ) | MEMORANDUM IN |
| V. | ) | OPPOSITION TO |
| | ) | RESPONDENT'S MOTION |
| LUIS SPENCER, | ) | TO DISMISS |
|     RESPONDENT, | ) | |

PRIOR PROCEEDINGS:

The petitioner pleaded guilty to two counts of second degree murder in 1990 in the Worcester County Superior Court and was sentenced to life imprisonment. He was twenty years old and had not graduated from high school. In April, 2001, he moved to vacate the guilty pleas on the grounds of ineffective assistance of counsel. Specifically, he alleged that his plea was based on his reliance on the erroneous advice of his trial counsel that there was no basis to suppress a confession that he had made to the police and that, therefore, he had no choice but to plead guilty. The Superior Court denied his motion. He appealed to the Massachusetts Appeals Court, which affirmed the order of the Superior Court denying the Motion. *Commonwealth v. Duclos*, 61 Mass. App. Ct. 1115, 810 NE 2d 1289 (2004). Further appellate review was sought and denied by the Supreme Judicial Court on September 10, 2004. In April, 2005, the instant federal habeas corpus petition was filed in this Court.

Petitioner was not represented by counsel from the time of the imposition of the life sentence in 1990 until April 9, 2001, when the State Court assigned an attorney to prosecute his post conviction challenge.

The respondent in this action has moved to dismiss the petition relying on 28 USC section 2244(d)(1).

ARGUMENT:

Petitioner asserts that the Court should adjudicate this matter on the merits and should find that under the circumstances of this case there are grounds for equitable tolling of the limitation period.

Under 28 USC section 2244(d)(1)(D) the one year limitation period does not commence to run until the "date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." In this case, petitioner, a twenty year old high school drop out, had reasonably relied on his counsel's representation, now alleged to be erroneous, that he had no grounds for attempting to suppress a confession, and that he had no choice but to plead guilty. He went off to prison for life having relied on that erroneous advice. He had no counsel until April 9, 2001, when attorney Chauncy Woods was assigned to press claims for post conviction relief. Once competent counsel was assigned, the case was processed diligently, and all filing deadlines were met. The federal habeas corpus petition was filed well within one year of the exhaustion of the state appellate process. Under 28 USC section 2244(d)(2) "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section."

The statute of limitations barring federal relief was not in effect when petitioner was sentenced to life imprisonment in 1990. The effective date of the law is April 24, 1996. The First Circuit has ruled that a one year grace period extended the effective date

until April 24, 1997. *Gaskins v. Duval*, 183 F.3d 8 (1st Cir. 1999). Thus, the issue in this case is whether the statute of limitations was tolled between April 24, 1997 and April 6, 2001, when the state Court challenge was filed.

Petitioner reasonably was ignorant of the existence of any grounds to challenge his conviction under these circumstances. He was a twenty year old high school dropout when he was sentenced to life. He had reasonably relied on the advice of counsel when he was sentenced to life. He was not represented by counsel again until April 9, 2001, when a challenge was made based on the ineffective assistance of the attorney upon whom he had relied in waiving all of his rights to trial and to challenge evidence back in 1990.

The question of the equitable tolling of the one year period of limitation is determined based on consideration of the petitioner's lack of notice or constructive knowledge of the filing requirements, diligence in pursuing rights, absence of prejudice to the respondent and the reasonableness of petitioner remaining ignorant of the filing requirements applicable in the case. *Dunlap v. United States*, 250 F 3rd 1001 (2001, CA6 Tenn).

The unrepresented, uneducated petitioner had no actual knowledge of the filing deadlines during the period of incarceration wherein he was unrepresented by counsel. He should not be deemed to have constructive notice under these circumstances where he relied on the advice of counsel, now being challenged as ineffective. Once he had counsel appointed in State Court, his claims were pursued diligently and in compliance with all deadlines. There is no prejudice asserted by the respondent. Under the circumstances of this case, it is reasonable for petitioner to assert that he was ignorant

of the statutory limitations for filing his claim. It follows that there should be an equitable tolling of the statute of limitations between April 24, 1997 and April 6, 2001 when the State Court Petition was filed.

CONCLUSION:

For the reasons stated above, petitioner requests that the Motion to Dismiss be denied and that a hearing be scheduled to adjudicate the merits of his claims.

Respectfully submitted,

John A. Amabile
Amabile & Burkly, P.C.
Attorney for the Petitioner
13 Falmouth Heights Road
Falmouth MA  02540
(508) 540-0362
BBO # 016940

Dated: February 9, 2006