UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| WILLIAM DUCLOS,<br>    Petitioner,<br><br>        v.<br><br>LUIS SPENCER,<br>    Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | 05-CV-10715-MEL |

MEMORANDUM AND ORDER

LASKER, D. J.

      Respondent Luis Spencer ("Spencer") moves to dismiss this habeas corpus petition filed by William Duclos ("Duclos") because the one year statute of limitations applicable under 28 U.S.C. § 2244(d)(1)(A) has expired.  Duclos responds that given the circumstances of his case, there are grounds for equitable tolling of the statute of limitations.

      In the First Circuit, a party seeking to invoke equitable tolling bears the burden of establishing the basis for it.  <u>Delaney v. Matesanz</u>, 264 F.3d 7, 14 (1st Cir. 2001).  In the AEDPA context, equitable tolling is the exception rather than the rule, and "resort to its prophylaxis is deemed justified only in extraordinary circumstances."  <u>Id.</u>  Equitable tolling is normally appropriate only "in rare cases where, for example, extraordinary circumstances beyond the claimants control prevented timely filing, or the claimant was materially misled into missing the

deadline." Trenkler v. United States, 268 F.3d 16, 25 (1st Cir. 2001)(internal quotations omitted). In sum, equitable tolling is applied sparingly and "not warranted where a claimant simply failed to exercise due diligence in preserving his legal rights." Id.

Duclos argues that from the time of his conviction in 1990 until April 9, 2001, when the state court assigned an attorney to prosecute his post-conviction challenges, he was unrepresented and ignorant of the law. He notes that once counsel was assigned, his case was processed diligently and all filing deadlines were met. Moreover, his federal habeas petition was filed well within one year of his exhaustion of the state appeallate process. While Duclos' lack of representation for approximately eleven years clearly impeded his ability to timely proceed with a habeas petition, under the law as it stands, such circumstances alone are insufficient to justify his failure to file within the statute of limitations. Donovan v. Maine, 276 F.3d 87, 94 (1st Cir. 2002)("While *pro se* pleadings are to be liberally construed,...the policy of liberal construction cannot plausibly justify a party's failure to file a habeas petition on time."); Delaney, 264 F.3d at 15("Ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing.").

Duclos had ample time to exhaust state remedies and

pursue habeas relief both before the enactment of the AEDPA on April 24, 1996, and during the one-year grace period extending the deadline to April 24, 1997.  There is no assertion that Duclos failed to diligently and timely pursue judicial remedies because he was misled or actively prevented from taking such action.  In sum, Duclos has not met his burden of demonstrating the extraordinary circumstances required to invoke equitable tolling.  Accordingly, the Respondent's motion to dismiss the petition must be GRANTED.

       It is so ordered.


Dated:     February 27, 2006
           Boston, Massachusetts        /s/ Morris E. Lasker
                                             U.S.D.J.